**J. D. LEIGH, Petitioner,**

v.

**STATE of Oklahoma and District Court of Tulsa County, Respondents.**

**No. A–14901.**

Court of Criminal Appeals of Oklahoma.

Dec. 18, 1968.

J. D. Leigh, pro se.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for respondents.

PER CURIAM:

This is an original proceeding in which J. D. Leigh, presently incarcerated in the Oklahoma State Penitentiary, seeks an appeal after the original appeal time has expired of the judgment and sentence rendered against him in the District Court of Tulsa County, Oklahoma, Case No. 22649. Petitioner alleges that there were "certain

errors of fact" which were made during his trial and that he seeks a review of the same through a post-conviction appeal.

Petitioner has failed to allege the denial of any constitutional right regarding his right to appeal his Tulsa County conviction which would justify the authorizing of an appeal out of time under the authority of 22 O.S.Supp.1968, § 1073. A mere absence of an appeal does not justify the granting of an appeal out of time upon the bare allegation of certain unnamed errors of fact during the trial.

In any regard, it appears that the issue as to whether or not Petitioner is entitled to an appeal out of time of the judgment and sentence rendered against him in Tulsa County District Court, Case No. 22609, has previously been determined by this Court. In Leigh v. Johnson, Okl.Cr.App., 440 P.2d 375, this court denied Petitioner's request for a mandamus for a casemade and appeal at state expense of Petitioner's conviction in the District Court of Tulsa County for the crime of receiving stolen property after former conviction of a felony, Case No. 22649. This Court held in that decision that Petitioner while represented by counsel freely and intelligently waived his right to appeal at state expense and was therefore not entitled to a casemade and appeal at state expense out of time.

The rule announced by this Court in Application of Pettyjohn, Okl.Cr.App., 359 P.2d 739, is applicable in the instant case wherein this court held:

"Where a petitioner files the same petition as was presented in a prior application for habeas corpus, this court having once passed upon the sufficiency of the application and made a determination thereon will not again evaluate the same application."

This Court has previously passed upon the merit of the instant petition and made a determination thereon. Having fully considered the petition and the premises raised therein the petition for post-conviction is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.